ESTADO LIBRE ASOCIADO DE PUERTO RICO, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE EXPROPIACIONES, recurrido.

*Número:* O-67-13      *Resuelto:* 21 de septiembre de 1967

*J. B. Fernández Badillo, Procurador General,* y *Lolita Miranda de Escudero, Procuradora General Auxiliar,* abogados del peticionario; *Clemente Pérez Martínez,* abogado de los interventores Juan G. Nolla y su esposa María A. Morell.

Sala Segunda integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos, Santana Becerra y Dávila.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del Tribunal.

La Ley Núm. 13 de 16 de mayo de 1962 que creó la Administración de Terrenos de Puerto Rico, faculta a esa Administración a adquirir propiedad privada para reservarla para uso del Estado Libre Asociado de Puerto Rico o sus agencias. Haciendo uso de dicha facultad, y de acuerdo con el método provisto por el Art. 22 de la Ley Núm. 213 de 12 de mayo de 1942, según enmendada, que creó la Junta de Planificación de Puerto Rico, la Administración de Terrenos sometió a la consideración de la Junta de Planificación la consulta Núm. 63-385c y dicha Junta, mediante el informe 63-c-328 de 4 de abril de 1963, aprobó el ámbito del proyecto de la Administración de Terrenos para la adquisición de 1500 cuerdas de terreno aproximadamente en Arecibo, autorizando a dicha Administración a adquirir mediante compra, expropiación o en cualquier otra forma legal, los terrenos comprendidos dentro del descrito ámbito del proyecto. El día 17 de octubre de 1963 la Junta de Planificación aprueba una enmienda al ámbito del proyecto para autorizar a la Administración de Terrenos a realizar segregaciones de cualquier adquisición de terrenos hecha conforme al ámbito del proyecto aprobado, inscribir las fincas segregadas presentando copia de la resolución en el Registro de la Propiedad correspondiente sin que fuera necesario una aprobación expresa posterior de la Junta de Planes de dichas segregaciones.

La Autoridad de Edificios Públicos creada por la Ley Núm. 56 de 19 de junio de 1958, solicitó de la Administración de Terrenos que adquiriera, por cualquier medio legal, título de pleno y absoluto dominio de una propiedad compuesta de once cuerdas aproximadamente, dentro del ámbito del proyecto original, para el desarrollo de un Centro de Gobierno en la ciudad de Arecibo. El día 25 de septiembre de 1964, el Estado Libre Asociado de Puerto Rico, representado por el Honorable Gobernador de Puerto Rico, a requerimiento

de la Administración de Terrenos, radicó demanda en el Tribunal Superior de Puerto Rico, Sala de Expropiaciones, para expropiar 11.0843 cuerdas de terrenos radicadas en el Barrio Hato Abajo de Arecibo. En virtud de la Declaración de Adquisición de rigor y del depósito de la suma de $152,721 estimada como compensación razonable, el Tribunal dictó resolución el día 28 de septiembre de 1964, otorgando a favor del Estado Libre Asociado de Puerto Rico el título de pleno dominio de la parcela expropiada.

Posteriormente dentro de esa parcela de 11.0843 cuerdas, la Junta de Planificación de Puerto Rico aprobó la segregación de dos parcelas de 6.6789 cuerdas y de 0.2326 cuerdas para desarrollar la primera etapa del Centro Gubernamental de Arecibo, quedando de la propiedad expropiada un remanente de 4.1728 cuerdas. La ilustrada Sala sentenciadora determinó que no habiéndose incluido el remanente de 4.1728 cuerdas en la disposición de terrenos hecha por la Junta de Planificación, dicho remanente debía ser devuelto a los dueños expropiados señores Juan G. Nolla y su esposa María A. Morell. Contrario a la ilustrada opinión de la Sala sentenciadora, es nuestro criterio que el remanente de dichos bienes debe permanecer en reserva para fines públicos en poder de la Administración de Terrenos. Veamos:

La ley aplicable al caso—Ley Núm. 13 de 16 de mayo de 1962 creando la Administración de Terrenos de Puerto Rico—en su exposición de motivos hace claro que es el propósito de dicha Ley enfrentarse al mal que crea en nuestro desarrollo público el acaparamiento de terrenos por especuladores de propiedad inmueble y declara la intención legislativa de considerar toda *reserva de terrenos* como un fin público por sí mismo. Para llevar a cabo éste y otros fines públicos, la Ley Núm. 13 crea un cuerpo corporativo y político, "que constituirá una corporación pública o instrumentalidad gubernativa con personalidad propia, independiente-

mente de la del Estado Libre Asociado de Puerto Rico, que se conocerá como Administración de Terrenos de Puerto Rico". Entre sus derechos y poderes está adquirir bienes en cualquier forma legal y "retener, conservar, usar y servirse de o utilizar cualesquiera bienes inmuebles o muebles . . ." que considere necesarios o convenientes para realizar sus fines (Art. 7(j)). Es ante esta Administración que acude la Autoridad de Edificios Públicos de Puerto Rico para que la primera adquiera con fondos de la Administración de Terrenos Públicos de Puerto Rico, las dos parcelas que necesitaba la segunda.

Es cierto que, de acuerdo con el Art. 7(q) de la Ley que crea la Administración de Terrenos Públicos de Puerto Rico, "en todo caso en que se expropien bienes o derechos para fines específicos de desarrollo de obras públicas y beneficio social, los referidos fines deberán llevarse a cabo dentro de un término de años que nunca podrá exceder de quince, a partir de la fecha de là adquisición" y que, de acuerdo con el Art. 14(g) de la misma Ley, "en caso de venta de propiedad inmueble adquirida por expropiación que haya dejado de tener utilidad para los fines de esta ley, o para los fines públicos del Estado Libre Asociado de Puerto Rico o de cualquiera de sus agencias, se dará preferencia a los anteriores dueños de la propiedad expropiada, o en su defecto a los herederos forzosos de éstos, sujeto a las condiciones que, para la enajenación de dicha propiedad, establezca la Administración" y "en ningún caso, sin embargo, tendrá la Administración la obligación de vender a su antiguo dueño, o a sus herederos, a un precio inferior que el del valor en el mercado de la propiedad de que se trate, al momento de venderla la Administración," pero eso no significa que por el hecho de desarrollarse en etapas el proyecto público para el cual se expropió el terreno, todo terreno que no esté cubierto por el desarrollo de la primera etapa del sobredicho

proyecto, deba ser devuelto inmediatamente a sus anteriores dueños, o que no pueda ser usado para cualquier otro fin dentro del desarrollo total del Centro del Gobierno de Arecibo, Puerto Rico o para otros fines públicos de acuerdo con la autoridad concedida por el Art. 7(q) de la Ley Núm. 13 del 1962.

*Por las razones expuestas debe revocarse la resolución dictada por la Sala de Expropiaciones del Tribunal Superior de Puerto Rico en 9 de diciembre de 1966, en el caso E-64-1432 de dicha Sala, y se mantiene en toda su fuerza y vigor el anterior decreto de expropiación de fecha 28 de septiembre de 1964.*